IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1899.

SMITH *v.* JACKSON.

(*Nashville.* December 20, 1899.)

PRIVILEGE TAX. *On agents for laundries located outside the State, valid.*

The imposition of a privilege tax upon "agents for laundries located outside the State" does not infringe the commerce clause of the Federal Constitution. The business in which such agent engages, to wit, gathering up soiled linen and forwarding it to his nonresident principal to be laundered, and receiving and delivering it to the owners on its return, and collecting

19 p—43 [673]

Smith v. Jackson.

the price of the service, does not constitute a transaction of commerce.

Case cited and approved: 8 Wall., 168.

Cited and distinguished: State v. Scott, 98 Tenn., 254.

FROM ROBERTSON.

Appeal in error from Circuit Court of Robertson County. A. H. MUNFORD, J.

A. P. CROCKETT and L. T. COBB for Smith.

H. C. CARTER and A. E. GARNER for Jackson.

BEARD, J. The defendant in error is a citizen of this State, residing in the town of Springfield. He was for some time prior to the institution of this suit the agent in that place of a laundry located in Kentucky. His business, as well as habit, was to collect the soiled linen of his neighbors and express it to his principal in Kentucky, to be washed and laundered. When this was done, it was sent back to him, and he then delivered it to its owner or owners, receiving from them the price of the entire service, which he divided equally with his principal. The question presented in this record is: Was this agent engaged in commerce, so as to be protected by the interstate clause of the Federal Constitution from the payment of the privilege tax imposed on his occupation by Sec. 4 of Chap. 432 of the legis-

lative Act of 1899? The Circuit Court held that he was, and hence this appeal by the County Clerk.

The word "commerce" found in this clause cannot be held to embrace a transaction such as is here presented. It implies, when used by business men,. as it is defined by Mr. Webster, the lexicographer, trade or traffic, as in the exchange of specific articles or commodities, or else of these for money or its representative. In a case like the present, nothing in the true commercial sense is sold or exchanged. The agent takes the articles committed to his care, and agrees with the owner that he will send them across the State line and have certain labor bestowed on them, and, when returned, then he is to receive compensation equal to· this labor. There is no commodity created of which the ownership is changed. It is simply a personal contract based on a valuable consideration, having no element of a commercial transaction falling within the protection of this clause of the Constitution.

In *Paul* v. *Virginia,* 8 Wall., 168, a resident of Virginia, representing insurance companies located in another State, delivered a policy to a citizen of Virginia in violation of a law of the State requiring, as preliminary to the exercise of such an agency, that a license should be obtained, and when prosecuted, he undertook to avail himself of the commerce clause of the Fed-

eral Constitution. But the Supreme Court of the United States said the weakness of this defense was "in the character of the business. Issuing a policy of insurance is not a transaction of commerce. The policies are simple contracts of indemnity against loss by fire, entered into between the corporations and the assured, for a consideration paid by the latter. These contracts are not articles of commerce in any proper meaning of the word. They are not subjects of trade and barter offered in the market as something having an existence and value independent of the parties to them. They are not commodities to be shipped or forwarded from one State to another and then put up for sale. They are like other personal contracts between the parties, which are completed by . . . the transfer of the consideration. Such contracts are not interstate transactions, though the parties may be domiciled in other States."

This is decisive of the contention of defendant in error. It is proper to say that this case is clearly distinguishable from that of *State* v. *Scott*, 98 Tenn., 254. There the enlarged picture, the property of the Chicago artist, sent into this State to be paid for by one of its citizens, was a valuable article, and the transaction between the parties by which the ownership was changed was one of interstate commerce.

The judgment of the lower Court is reversed.