STATE EX REL. COLLINS ATTORNEY GENERAL, *v.* CRESENT COTTON OIL Co.

[77 South, 185, In Banc.]

1. CORPORATIONS. *Foreign Corporations.  Power of state.*

The state not only has the right to prohibit a corporation from entering it for the purpose of transacting business but also to expel such a corporation from the state after it has entered and commenced doing business therein, provided only that such corporation is not thereby deprived of a right guaranteed to it by the federal Constitution.

2. SAME.

The state also has the right, under section 178 of the state Constitution and within the limitations of section 14 thereof to withdraw from a domestic corporation powers granted to it when chartered, provided, also that such corporation is not thereby deprived of a right guaranteed to it by the federal Constitution.

3. SAME.

Laws 1914, chapter 162 (Hemmingway's Code, section 4750 et sequitur), providing that a corporation engaged in the manufacture of cotton seed oil products shall not operate a cotton gin except where its cotton oil plant is located, and imposing a penalty, and in addition forfeiture of charter, if a domestic corporation, and if a foreign corporation, forfeiture of its rights to do business in the state for violation of the statute, is within the powers of the state.

4. CONSTITUTIONAL LAW. *Criterian.*

The criterion by which to test the constitutionality of a statute is not that those affected thereby may be inconvenienced.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Proceedings by the state, on relation of Ross A. Collins, Attorney General, against the Crescent Cotton Oil Company. Relief denied and relator appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

Chapter 162, of the Laws of 1914, was enacted as an aid to the enforcement of the anti-trust laws of this state and for the purpose of cutting off some of the effective weapons for destroying competition.

The Law of 1914. is sustainable under either of two heads, both firmly grounded in the police power of the state. First, the power of the state to limit, restrict, regulate and confer power upon corporations. Second, the ginning business is a public business or a business affected with the public use.

It is fundamental and elementary law that corporations have no powers except such as are conferred by law; being wholly creatures of the statute, they can only exercise such powers as may be expressly conferred or such as are necessarily implied from those expressly conferred.

The rule as stated in Clark on Corporations (Horn Book Series) page 112, is as follows: "A corporation has such powers and such powers only, as are conferred upon it by its charter. Powers may be conferred upon a corporation. (A) expressly; (B) impliedly, because they are incidental to corporate existence. Impliedly, because they are necessary or proper in order to exercise the powers expressly conferred." *Downing* v. *Road Co.,* 40 N. H. 230; 1 Cumming Cas. Pri. Corp. 148; *Thomas* v. *Railroad Co.,* 101 U. S. 71, 25 L. Ed. 950; *Ryne* v. *Mfg. Co.,* 65 Conn. 336, 28 L. R. A. 304; *State* v. *Lincoln Trust Co.,*

144 Mo. 528; *Franklin Nat'l Bank* v. *Whitehead,* 149 Ind. 560, 39 L. R. A. 724, 67 Am. St. Rep. 303; *Best Brewing Co.* v. *Klassen,* 185 37, 57 N. E. 20; 50 L. R. A. 765; 76 Am. St. Rep. 26; *Bakers Union of the World* v. *Crawford,* 67 Kan. 449, 73 Pac. 79; 100 Am. St. Rep. 465; *Cumberland Tel. & Tel. Co.* v. *City of Evansville* (C. C.), 127 Ed. 187; *South Yorkshire Ry. Co.* v. *Great Northern Ry. Co.,* 9 Exch. 84.

A corporation being created by law primarily for the public welfare and having only such powers as may be expressly conferred on it or such as necessarily result as an implied incident to an express power, it follows that a corporation is not entitled to all the rights as a citizen. It is not a citizen of the state in the meaning that that term is used in the constitution guaranteeing the citizens of the state where it resides. *Ducat* v. *Chicago,* 10 Wall. (U. S.) 14, 19 L. Ed. 972; *Pembina, etc., Co.* v. *Penn,* 125 U. S. 181, 31 L. Ed. 650; *Walters, etc., Oil Co.* v. *Texas,* 177 U. S. 45, 54 L. Ed. 657; *Silver etc.,* v. *Walsh,* 226 U. S. 112, 57 L. Ed. 146.

Right to exclude or to impose conditions. A. corporation created by one state or by a foreign government can exercise none of the functions or privileges conferred by its charter in any other state or country, except by the consent of the latter. Any other state or country than that of its creation may exclude it altogether if it sees fit, or it may impose such terms as it chooses as a condition of allowing it to do business." Clark on Corporations, page 604. Citing, *Paul* v. *Virginia,* 8 Wall. (U. S.) 168, 19 L. Ed. 357; *Liverpool Ins. Co.* v. *Oliver,* 10 Wall, 566, 19 L. Ed. 1029; *Bank of Augusta* v. *Earle,* 13 Pet. 519, 10 L. Ed. 274; *New York L. E. & W. R. Co.* v. *Conn.,* 129 Pa. 463, 18 Atl. 312, 15 Am. St. Rep. 724; *Phoenix Ins. Co.* v. *Burdett,* 112 Ins. 204, 13 N. E. 705; *Goldsmith* v. *Insurance Co.,* 62 Ga. 379; *People* v. *Fire Assn.*

*of Philadelphia,* 92 N. Y. 331, 41 Am. St. Rep. 380; *Phoenix Ins. Co.* v. *Wench,* 29 Kan. 672; *State* v. *Phoenix Fire Ins. Co.,* 92 Tenn. 420, 21 S. W. 893; *Hartford Fire Ins. Co.* v. *Raymond,* 70 Mich. 485, 38 N. W. 474; *Hooper* v. *California,* 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297; *Orient Ins. Co.* v. *Daggs,* 19 S. Ct. 518, 44 L. Ed. 657; *Woodson* v. *State,* 69 Ark. 521, 65 S. W. 465; *Com* v. *Read Phostrate Co.,* 113 Ky. 32, 67 S. W. 45; *Attorney-General* v. *Electric Storage B. Co.,* 188 Mass. 239, 74 N. E. 467; *State* v. *Virginia-Carolina C. Co.,* 71 S. C. 544, 51 S. E. 455.

. Foreign corporations are permitted to do business in this state by virtue of sections 914 and 915 of the Code of 1906, the latter section being amended in the Laws of 1916, but it is provided in the concluding clause of section 914. "But such foreign corporations shall not do or commit any act in this state contrary to the laws or policy thereof, and shall not be allowed to recover on any contract made in violation of law or public policy." *R. R. Co.* v. *Memphis,* 4 Cold. 406; *Anderson* v. *Turberville,* 6 Cold. 61; *Memphis* v. *Water Co.,* 5 Heis. 530.

As to power to regulate and control the business of corporations affected by public use. The leading case upon this subject is *Munn* v. *Illinois,* 94 U. S. 113, to 154, 24 L. Ed. 77 to 94; *Thorne* v. *R. R. Co.,* 27 Vt. 143. First, "every statute is presumed constitutional and will not be invalidated unless in a clear case," citing *Chicago etc., Ry.* v. *Dey.* 35 Fed. 866, 1 L. R. A .744, and note; *Laurel Fork R. R.* v. *Transportation Co.,* 25 W. Va. 325, and *N. Swan* v. *United States,* 3 Wyo. 155, 9 Pac. 933; *Leep* v. *Railway Co.,* 85 Ark. 415, 41 Am. St. Rep. 113, 25 S. W. 77, 23 L. R. A. 268; *People* v. *Thompson,* 115 Ill. 465, 40 N. E. 310. Second, "while government may not interfere with exclusively private contracts, it may require each citizen to so conduct himself and use his property as not to injure others. This

116 Miss.—26

is the very essence of government,'' citing *Smith* v. *Lake
Shore, etc., Ry.,* 114 Mich. 489, 72 N. W. 338. Dissent-
ing opinion in *Territory* v. *Ah Lim,* 1 Wash. 172, 24 Pac.
592, 9 L. R. A. 399. Majority upholding law penalizing
opium smoking; *Smith* v. *Lake Shore, etc., Ry.,* 111 Mich.
489, 72 N. W. 338. Majority upholding law requiring
sale of thousand-mile tickets at fixed rate. *Nash* v. *Page,*
80 Ky. 547, 44 Am. St. Rep. 495; *Budd* v. *N. Y.,* 143 U.
S. 147, 36 L. Ed. 256; *Louisville Tobacco Co.* v. *Ware-
house Co.,* 48 S. W. 432, 59 S. W. 1071; *Rushville* v.
*Rushville Co.,* 132 Ind. 484, 15 L. R. A. 325; *Hackett* v.
*State,* 105 Ind. 258, 55 Am. St. Rep. 206; *State* v. *Chicago,
etc., R. R. Co.,* 38 Minn. 281, 37 N. W. 782; *State* v.
*St. L.,* 145 Mo. 574, 42 L. R. A. 122, 25 Am. St. 889, and
note. Note to 26 Am. St. Rep. 289 to 292; Note to *Nash* v.
*Page,* 44 Am. St. 490; *Leep* v. *Ry. Co.,* 58 Ark. 416,
44 Am. St. 115, 23 L. R. A. 268; *Sinking Fund Cases,*
99 U. S. 747, 25 L. Ed. 511; *State* v. *Republican, etc., R.
R. Co.,* 17 Neb. 647, 52 Am. St. 424; *Ruggles* v. *Illinois,*
108 U. S. 531, 27 L. Ed. 815; *Ryan* v. *Louisville Termin-
al Co.,* 102 Tenn. 119, 45 L. R. A. 307 (applying the
principal to the Terminal Company), *Burlington* v. *Beas-
ley,* 94 U. S. 314, 24 L. Ed. 164 (applying the principal
to grist mills); *State* v. *Edwards,* 86 Me. 105, 41 Am.
St. 530; *Civil Right Case,* 109 U. S. 42, 27 L. Ed. 850;
*People* v. *King,* 110 N. Y. 428, 6 Am. St. Rep. 396, 1 L.
R. A. 295; *Stock Exchange* v. *Board of Trade,* 127 Ill.
158, 11 Am. St. 107, 2 L. R. A. 413 (applying the prin-
ciple to stock yards); *Spring Valley Water Co.* v. *Schol-
atter,* 110 U. S. 354, 28 L. Ed. 176; *Griffin* v. *Golasboro,
etc., Co.,* 122 N. C. 207, 41 L. R. A. 241; *Danville* v. *Dan-
ville Water Co.,* 178 Ill. 300, 69 Am. St. 309; *White* v.
*Canal Co.,* 22 Colo. 198, 31 L. R. A. 1; *Brass* v. *N. O.,*
153 U. S. 399, 38 L. Ed. 760; *Noble State Bank* v. *Has-
kell, et al,* 219 U. S. 104, 55 L. Ed. 112.

It is established by a series of cases that an ulterior
public advantage may justify a comparatively insignifi-

cant taking of private property for what, in its immediate purpose is a private use. *Clark* v. *Nash*, 198 U. S. 361, 49 L. Ed. 1085; 25 Sup. Ct. Rep. 676; 4 A. & E. Ann. Cas. 1171; *Stickley* v. *Highland Boy Gold Min. Mill. Co.*, 200 U. S. 527, 50 L. Ed. 581, 583, 26 Sup Ct. Rep. 301, 4 A. & E. Cas. 1174; *Offeld* v. *New York, N. H. & H. R. Co.*, 203 U. S. 372, 51 L. Ed. 231, 27 Sup. Ct. Rep. 72; *Bacon* v. *Walker*, 204 U. S. 311, 51 L. Ed. 499, 501, 27 Sup. Ct. Rep. 289;. *Ohio Oil Co.* v. *Indiana*, 177 U. S. 190, 44 L. Ed. 729, 20 Sup. Ct. Rep. 576, 20 Mor. Min. Rep. 576.

It may be said in a general way that the police power extends to all the great public needs. *Camfield* v. *United States*, 167 U. S. 518, 42 L. Ed. 260 17 Sup. Ct. Rep. 864; *Charlotte C. & A. R. Co.* v. *Gibbes*, 142 U. S. 386, 35 L. Ed. 1051, 12 Sup. Ct. Rep. 255; *Gundling* v. *Chicago*, 177 U. S. 183, 188, 44 L. Ed. 725, 728, 20 Sup. Ct. Rep. 633. So far is that from being the case that the device is a familiar one. It was adopted by some states the better part of a century ago, and seems never to have been questioned until now. *Dandy Bank* v. *State Treasurer*, 39 Vt. 92; *People* v. *Walker*, 17 N. Y. 502; Recent cases going not less far are *Lemieux,* v. *Young*, 211 U. S. 489, 53 L. Ed., 295, 29 Sup. 174; *Kidd D. & P. Co.* v. *Musselman Gro. Co.*, 217 U. S. 461, 54 L. Ed. 839, 30 Sup, Ct. Rep. 606; *State ex rel. Goodsill* v. *Woodmansee*, 1 N. D. 246, 11 L. R. A. 420, 46 N. W. 970; *Brady* v. *Mattern*, 125 Iowa, 159, 106 Am. St. Rep. 219, 100 N. W. 358; *Weed* v. *Bergh*, 141 Wis. 169, 25 L. R. A. (N. S.) 1217, 124 N. W. 664; *Com.* v. *Vrooman*, 164 Pa. 306, 25 L. R. A. 250, 44 Am. St. Rep. 603, 30 Atl. 217; *Myers* v. *Irwin,* 2 Serg. & R. 368; *Myers* v. *Manhattan Bank,* 10 Ohio 283; *Attorney-General* v. *Utica Ins. Co.*, 2 Johns. Ch. 377; *Shallenberger* v. *First State Bank*, 219 U. S. 114, 55 L. Ed. 117; *Fund Cases* 99 U. S. 718, 25 L. Ed. 501; *Powell* v. *Pennsylvania*, 127 U. S. 678, 32 L. Ed, 253, 8 Sup. Ct. Rep. 882, 1257; *Gundling* v. *Chicago*, 177 U. S. 183, 44 L. Ed. 725, 20 Sup. Ct. Rep. 633; *Barbier* v. *Conolly*, 113 U. S. 27, 28 L. Ed. 923, 5 Sup.

Ct. Rep. 357; *Kidd* v. *Pearson,* 128 U. S. 1, 32 L. Ed. 346;
2 Inters. Com. Rep. 232, 9 Sup. Ct. Rep. 6; *State ex rel.
Milwaukee Medical College* v. *Chittenden,* 127 Wis. 468,
107 N. W. 500; *Marbury* v. *Madison,* 1 Cranch. 137, 2 L.
Ed. 60; *State* v. *Namias,* 49 La. Ann. 618, 62 Am. St. Rep.
657, 21 So. 852; *State* v. *Vanderslins,* 42 Minn. 129, 6 L.
R. A. 119, 43 N. W. 789; *Logan* v. *Postal Teleg. & Cable
Co.,* 157 Fed. 570; *Otis* v. *Parker,* 187 U. S. 606, 47 L. Ed.
323, Sup. Ct. Rep. 168; *Offeld* v. *New York, N. H. & H. R.
Co.,* 203 U. S. 357, 51 L. Ed. 235, 27 Sup. Ct. Rep. 72;
*Missouri P. R. Co.* v. *Himes,* 115 U. S. 514, 29
L. Ed. 463, 6 Sup. Ct. Rep. 110; *Chicago B. Q. R. Co.* v.
*Illinois,* 200 U. S. 561, 50 L. Ed. 596, 26 Sup. Ct. Rep. 341,
4 A. & E. Ann. Cas. 1175; *Assasria State Bank* v. *Dolley,*
219 U. S. 121, 55 L. Ed. 123; *Ingle* v. *O'Malley,* 219 U. S.
128, 55 L. Ed. 128; *State* v. *Richcreek,* 5 L. R. A. (N. S.)
876; *Heddrich* v. *State,* 101 Ind. 564, 51 Am. Rep. 768, 1
N. E. 47; *Jamieson* v. *Indiana Natural Gas & Oil Co.,* 129
Ind. 555, 12 L. R. A. 652; 3 Inters. Com. Reo. 613, 28 N.
E. 76; *State ex rel. Smith* v. *McClellant,* 138 Ind. 395, 37
U. S. 799; *Powell* v. *Pennsylvania,* 127 U. S. 678, 32 L. Ed.
253, 8 Sup. Ct. Rep. 992, 1257; *Lake Shore & Mich., etc.
Ry. Co.* v. *Ohio,* 173 U. S. 285, 43 L. Ed. 702; *Atl. Coast
Line R. R. Co.* v. *N. C.,* 206 U. S. 1, 51 L. Ed. 833, 11 A.
& Eng. Ann. Cas. 398; *City of Gainsville* v. *Gainsville
Gas & Electric Power Co.,* 62 So. 919; *State ex rel. Ellis*
v. *Tampa Water Works Co.,* 57 Fla. 533, 539, 48 So. 639,
22 L. R. A. (N. S.) 680; *Wyman Pub. Service Corpora-
tion,* sec. 113; *Gas Light Co.* v. *Zanesville,* 47 Ohio St. 35,
23 N. E. 60; *State ex rel* v. *Atlantic Coast Line R. Co.,* 53
Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas.
359; *People ex rel. Stead* v. *Chicago, etc., R. Co.,* 223 Ill,
518, 7 Ann. Cas. 1; *Kavanaugh Co.* v. *So. Ry. Co.,* 1 Ann.
Cas. 705; *People ex rel. Cantrell* v. *St. Louis, etc., R. Co.,*
35 L. R. A. 224, 38 N. E. 562; *Ex parte Attorney-General*
17 N. B. 667; *State ex rel* v. *Missouri, etc., R. Co.,* 55,

Kan. 709, 29 L. R. A 444, 49 Am. St. Rep. 278, 41 Pac. 964; *Ohio & M. R. Co.* v. *People,* 110 Ill. 200, 11 N. E. 347; *Farmer's Loan & Trust Co.* v. *Henning,* Federal Case No. 466; *King* v. *Severn, etc, R. Co.,* 2 Barn and Ald. 646; *People* v. *Albany etc, R. Co.,* 16 How. Pr. 523, 11 Abbott. Pr. 136; *People* v. *Albany & U. R. Co.,* 24 N. Y. 261, 82 Am. Dec. 295; *Loraine* v. *Pittsburg, etc., R. Co.,* 205 Pa. 132, 61 L. R. A. 502, 54 Atl. 580; *R. R. Com.* v. *Portland, etc., Co.,* 63 Me. 269, 18 Am. Rep. 208; *State* v. *Mo. Pac. R. Co.,* 33 Kan. 176, 5 Pac. 772; *Pensacola & A. R. Co.* v. *State.* 24 Fla. 310, 3 L. R. A. 661, 2 Int. Com. Rep. 522, 5 So. 833, 839; *U. S.* v. *Trans Mo. Freight Assn.,* 166 U. S. 290, 41 L. Ed. 1007-1024; *N. C. Corp. Com.* v. *Atl. Coast Line R. Co.,* 137 N. C. 1, 115. Am. St. Rep. 636, 49 S. E. 191; *San Antonio St. Ry. Co.* v. *State,* 90 Tex. 520, 523, 35 L. R. A. 662, 59 Am. St. Rep. 834, 39 S. W. 926; *Branch* v. *Wilmington, etc., R. Co.,* 77 N. C. 347; *Talcott* v. *Pine Grove Township,* 1 Flipp. 144, Fed. Cas. No. 13735.

I submit the act in question is within the limits of the police power of the state and that the facts in evidence, which are not disputed by any other testimony make it clear that the judgment of the court below should be reversed and the case remanded for further proceedings.

*J. B. Harris* and *A. W. Shands,* for appellee.

The only question which is properly before this court, in our view, is the clear cut question of the constitutionality of the Act of 1914, above referred to. We gather from the brief for the state that because the appellee is a foreign corporation, the state has a right to apply the act to it and to expel it, although the act might be inapplicable to domestic corporations and to individuals. We insist that under the facts of this case the state has no right to discriminate against a foreign corporation, as such, and simply because it is a foreign corporation, and we have

found no case whatever supporting any such view. In the case of the *State* v. *Louisville & Nashville Railroad Co.,* 97 Miss. 35, at page 53, this court says: "Our attention is called to the case of *Southern R. R. Co.* v. *Greene,* 30 Sup. Ct. 287, 216 U. S. 300, 54 Law Ed. 336, at pages 451, 452. The question and the only question decided in that case, was stated in the opinion as follows: 'When a corporation of another state has come into the taxing state, in compliance with its laws, and has therein acquired property of a fixed and permanent nature, upon which it has paid all taxes levied by the state, it is liable to a new and additional franchise tax for the privilege of doing business within the state, which tax is not imposed upon domestic corporations doing business in the state of the same character as that in which the foreign corporation is itself engaged. The court, following the cases of *Gulf, C. & S. F. R. Co.* v. *Ellis,* 165 U. S. 150, 41 Law Ed. 666; *Cotting* v. *Kansas Stock Yards Co.,* 183 U. S. 79, 46 Law Ed. 92; *Connolly* v. *Union Sewer & Pipe Co.,* 184 U. S. 540, 46 Law Ed. 679, held that where a railroad company had lawfully come into the state, and with its sanction established a business of a permanent character requiring for its prosecution a large amount of fixed and permanent property, it is a person within the jurisdiction of the state, and as such is entitled, under the equal protection of the law clause of the fourteenth amendment to the United States Constitution, to protection against the imposition of privilege taxes for carrying on business within the state where no such tax is imposed upon domestic corporations carrying on a precisely similar business."

The court undertook, we think, unsuccessfully, to distinguish the case in hand from the case of *Herndon* v. *Chicago & Rock Island R. R. Co.,* 218 U. S. 135, and the case of the *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1; but finally the question was set at rest in the case of *Harrison* v. *St. Louis & Santa Fe. R. R. Co.,* 232 U. S. 318, 58 Law

Ed. 621, which rendered the Mississippi act unconstitutional. *Security Mutual Life Insurance Co.* v. *Prewitt*, 202 U. S. 246, 50 Law Ed. 1013; *Southern R. R. Co.* v. *Greene, supra,* 216 U. S.—, 54 Law Ed. at page 539; *Gulf, C. & S. F. R. Co.* v. *Ellis,* 165 U. S. 150, 41 Law Ed. 666; *Cotton* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, 46 Law Ed. 92; *Connerly* v. *Union Sewer Pipe Co.,* 148 U. S. 540, 46 Law Ed. 679; *American Smelting & R. R. Co.* v. *Lindsey,* 204 U. S. 104, 51 Law Ed. 393, at page 397; *Herndon* v. *Chicago, R. I & P. R. R. Co.,* 218 U. S. 155, 54 Law Ed. 970; *State* v. *L. & N. R. R. Co.; National Cotton Oil Co.* v. *Texas,* 197 U. S. 130, 49 Law Ed. 689; *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322, 53 Law Ed. 530.

It will be seen, therefore, that foreign corporations entering the state of Mississippi may perform any act authorized by its charter which does not conflict with the public policy or laws of the state. There is nothing whatever that distinguishes them in this respect from domestic corporations. There is nothing whatever in the law which authorizes the burdening of them in any way that a domestic corporation may not be burdened, also.

Counsel for the state undertakes to defend and uphold this act under what he terms the police power of the state. On page 9 of the brief, he says: "The Law of 1914, is sustainable under either of two heads, both firmly grounded under the police power of the state. First, the power of the state to limit, restrict, regulate and confer power upon corporations; and, second, the ginning business is a public business or a business affected with the public use."

It is not denied by us and could not be denied that the state has the power to limit, restrict, regulate and confer power upon corporations, nor could we at this late day under the well settled principles, deny, nor do we under-

take to deny that the state has a right to regulate any business affected with the public interest.

In the first place, it is well settled that corporations are persons within the provisions of the fourteenth amendment to the Constitution of the United States, and as such they cannot be denied the equal protection of the law nor can their property be taken without due process of law. A corporation is entitled to the same protection as a natural person. We might stop by citing the court to the case of *Ballard* v. *Oil Co.*, 81 Miss. 507; *Gulf, C. & S. F. R. R. Co.* v. *Ellis*, 165 U. S. 150, 41 Law Ed. 668; *Santa Clara County* v. *S. P. R. R. Co.*, 118 U. S. 394 30 Law Ed. 118; *Pembina Consolidated Silver Mining Co.* v. *Pennsylvania*, 125 U. S. 181, 189, 31 Law Ed. 650, 654; *Mo. Pac. R. R. Co.* v. *Mackie*, 127 U. S. 205, 32 Law Ed. 107; *Minneapolis & St. L. R. R. Co.* v. *Beckwith*, 129 U. S. 26, 32 Law Ed. 585; *Charlotte C. & A. R. Co.* v. *Bibbs*, 142 U. S. 386, 35 Law Ed. 1051; *Covington & L. Turnpike Co.* v. *Sanford*, 164 U. S. 578, 41 Law Ed. 560; *Pembina Consolidated Silver Mining Co.* v. *Pennsylvania*, 125 U. S. 189, 31 Law Ed. 653.

Nothing is better settled than that the power to regulate corporations does not carry with it the power to destroy, or to take from the corporation its property without due process of law, or to deny to the corporation the equal protection of the laws. *Smyth* v. *Ames*, 169 U. S. 466; *Reagan* v. *Farmers Loan & Trust Co.*, 154 U. S. 362; *Railroad Commission Cases*, 116 U. S. 307; *C. M. & S.* v. *P. R. R.* v. *Minn.* 134 U. S. 418, 40 Cyc., page 149; *Powell* v. *Penn*, 134 U. S. 678, 32 Law Ed. 253. This case is cited in *Hopper* v. *Cal.* 155 U. S. 662, 39 Law Ed. 303; *Allgeyer* v. *Louisiana*, 165 U. S. 590, 41 Law Ed. 836; *Helena* v. *Dwyer*, 64 Ark. 426. "The police power must not be exercised arbitrarily. It must be so exercised as not to deny to any persons the equal protection of the law." *Vick Wo.* v. *Hopkins*, 118 U. S. 356, 30 Law Ed. 220 So far from not depriving corporations interested in the

manufacture of cotton seed oil and its by-products of their property, the act virtually confiscated it.

Nothing is better settled than that a state may in the proper exercise of its police power, classify persons and corporations and impose burdens or restrictions upon one class that is not imposed upon another, but the power of classifications is limited, and that it is limited is fully recognized in this state in the *Ballard Case, supra.*

Neither the police power nor the reserved power to alter and amend a charter can justify a classification which is violative of constitutional principles. One of the leading cases of the supreme court of the United States on the subject of classification is the case of *Gulf, C & F. R. R. Co.* v. *Ellis,* 165 U. S. 150, 41 Law Ed. 668; *Stratton* v. *Morris,* 89 Tenn. 497; *Southern R. R. Co.* v. *Greene,* 216 U. S. 400, 54 Law Ed. 541; *Cotton* v. *Godard,* 183 U. S. 97, 46 Law Ed. 107; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 46 Law Ed. 690.

The Ballard case we think is decisive of this case. It is clearly and distinctly held there that an act discriminating between corporations and individuals engaged in the same business is unconstitutional and violative of the fourteenth Amendment of the Constitution of the United States. The court further held in the *Ballard case* at pages 569, 570 and 581, that statutes making classifications may be upheld if they are based in this classification upon any substantial difference between the natures of the business of the favored class, corporation or individual.

The only ground upon which this legislation can be upheld is that the ownership or control of gins by cotton seed oil mills is inimical to the public interest and that the ownership by individuals or other corporations is not. In either case they are equally potentially injurious.

We therefore conclude that neither under the police power of the state, nor under its reserved power to alter, amend or repeal charters, nor under its general power to regulate corporations can this legislation be sustained. It

is in plain violation of the principles well established not only by the supreme court of the United States in the numerous cases which we have referred to, but by the elaborate and well considered decision of our own court in the case of *Ballard* v. *Oil Mill*, 81 Miss. 507. The principle laid down in the Ballard case has never been departed from by the supreme court of the United States.

The tendency has been to strengthen it.

SMITH, C. J., delivered the opinion of the court.

The Crescent Cotton Oil Company is a corporation created under the laws of the state of Tennessee and domiciled in the city of Memphis, where it is engaged in the manufacture of cotton seed oil and meal, and owns and operates public cotton gins at Ruleville and other places in the state of Mississippi. Chapter 162, Laws 1914 (Hemingway's Code, section 4750 *et seq.*), provides that a corporation engaged in the manufacture of cotton seed products shall not own, lease or operate a cotton gin in this state except "in the city or town of the location of its cotton oil plant," and that a corporation which shall own, lease, or operate a cotton gin in violation of the statute shall be subject to a penalty of not less than one hundred dollars, nor more than five thousand dollars, and in addition thereto "shall forfeit its charter if a domestic corporation, and its right to do business in this state if a foreign corporation." The statute further provides that "a concern prohibited by this act from owning or operating gins is at liberty to dispose of said gins for cash or credit within a reasonable time after the passage of this act and to operate such gins until sold within such time."

This proceeding was instituted by appellant for the purpose of recovering from appellee the penalty prescribed for the violation of the statute, and of revoking its right to do business in this state.

The only question presented to us by the record is the validity *vel non* of the statute, the decision of which will turn upon the right of the state to expel a foreign corporation which it has permitted to enter the state and which is doing business therein pursuant to such permission, and to withdraw from a domestic corporation the right to engage in a business authorized by its charter. A state not only has the right to prohibit a corporation from entering it for the purpose of transacting business, but also to expel such a corporation from the state after it has entered and commenced doing business therein, provided only that such corporation is not thereby deprived of a right guaranteed to it by the federal Constitution. 6 Enc. U. S. Reps. 310; *National Council U. A. M.* v. *State Council,* 203 U. S. 151, 27 Sup. Ct. 46, 51 L. Ed. 132; *Railroad Co.* v. *State,* 107 Miss. 597, 65 So. 881. The state also has the right, under section 178 of the state Constitution and within the limitations of section 14 thereof, to withdraw from a domestic corporation powers granted to it when chartered, provided, also, that such a corporation is not thereby deprived of a right guaranteed to it by the federal Constitution.

That the state has the right, within the limitations pointed out, to expel a foreign corporation and to withdraw from a domestic corporation power granted it is not questioned by counsel for appellee; their contention being that the statute deprives corporations of the equal protection of the laws guaranteed to them by the federal Constitution, and of their property without due process of law in violation of both the state and federal Constitutions. There can be no merit in either of these two contentions, for the reason: First, that the state has the right to expel a foreign and to amend the charter of a domestic corporation by a special statute aimed only at the particular corporation (*National Council U. A. M.* v. *State Council,* 203 U. S. 163, 27 Sup. Ct. 46, 51 L. Ed. 138), while here all corporations of the class to which appellee belongs are treat-

ed alike; and, second, corporations engaged in operating cotton gins when the statute was enacted are permitted to continue so to do until they have had a reasonable time within which to dispose of them. That they may be subjected to inconvenience and hardships is not here material; such not being the criterion by which to test the constitutionality of a statute. *State* v. *Railroad Co.*, 97 Miss. 35, 53 So. 454, Ann. Cas. 1912C, 1150; *United States* v. *Delaware Railroad Co.*, 213 U. S. 366, 29 Sup. Ct. 527, 53 L. Ed. 836; *Delaware, etc., R. Co.* v. *United States*, 231 U. S. 363, 34 Sup. Ct. 65, 58 L. Ed. 269.

It follows from the foregoing view that the relief prayed for by appellant should have been granted.

*Reversed and remanded.*