SINGER SEWING MACHINE COMPANY *v.* BRICK-ELL, ATTORNEY GENERAL OF THE STATE OF ALABAMA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.

No. 458. Argued January 12, 1914.—Decided April 6, 1914.

Where orders are taken in one State for goods to be supplied from another State, which orders are transmitted to the latter State for acceptance or rejection, and filled from stock in that State, the business is interstate commerce and not subject to a state license tax. *Crenshaw* v. *Arkansas*, 227 U. S. 389.

The separate license tax imposed by the statutes of Alabama on the business of selling or delivering sewing machines, either in person or through agents, for each county and for each wagon and team used in delivering the same is not, as to a corporation having regular stores established in the different counties to which it sends its goods in bulk and from which they are sold on orders to be approved by it at

its home office, unconstitutional as denying due process of law, or as interfering with interstate commerce, or as denying equal protection of the law because it does not apply to merchants selling such machines at regularly established places of business.

In determining whether a state tax statute is constitutional, there is a presumption that the legislature intended to tax only that which it had the constitutional power to tax, and the statute will be sustained if full and fair effect can be given to its provisions as confined wholly to intrastate business.

While a state license statute if void in part may be wholly void where its provisions are not separable, it may be sustained so far as it relates to business wholly intrastate and held inapplicable as to interstate commerce; and so *held* that the Alabama sewing machine license tax is constitutional as to those agencies of a foreign corporation which carry on an intrastate business and inapplicable as to those agencies of such corporation which carry on a wholly interstate business.

The classification of merchants selling sewing machines at regular places of business as distinguished from a manufacturer selling them by traveling salesmen is not so unreasonable and arbitrary as to render it a denial of equal protection of the law under the Fourteenth Amendment.

The State has a wide range of discretion in establishing classes for revenue taxes, and its laws will not be set aside as discriminatory if there is any rational basis for the classification.

The court below rightly held that a foreign corporation having an agency in each county of the State and selling sewing machines by traveling salesmen as well as at the agencies was subject to the license intended to be imposed on itinerant sales by the statute of Alabama, and that it fell without the excepted class of merchants although the latter made deliveries of machines by wagon.

APPELLANT, which is a New Jersey corporation carrying on a mercantile business in many places in the State of Alabama in the sale and renting of sewing machines, in part from regularly established places of business and in part by means of delivery wagons going from place to place in the respective counties in which its stores are located, filed its bill of complaint against appellees, who are the agents of the State charged with the administration of the tax laws, and therein sought to restrain by

injunction the enforcement against it of the state tax prescribed by § 32 of an act for providing revenues, approved March 31, 1911 (Session Acts, p. 180), which reads as follows:

"Sec. 32. Sewing Machines.—Each person, firm or corporation selling or delivering sewing machines either in person or through agents, shall pay fifty dollars annually, for each county in which they may sell or deliver said articles. And for each wagon and team used in delivering or displaying the same an additional sum in each county of twenty-five dollars annually; but this section shall not apply to merchants selling the above enumerated articles at their regularly established places of business."

And also to enjoin the enforcement of county taxes, amounting to fifty per centum of the state tax prescribed by the above section, which might be imposed in the several counties for county purposes under § 33F of the same act.

The bill, as amended, besides showing diverse citizenship of the parties, avers that complainant is qualified under the state laws to do business within the State as a foreign corporation, and has established, in thirty counties of the State, thirty-six regular places of business or stores, which are conducted by it; that complainant buys sewing machines and parts to supply breakage and defects therein and a variety of sewing machine accessories without the State, causes them to be shipped to its places of business within the State, and keeps them at these places for sale to the general public.

In each of the counties, except the County of Russell, the business is conducted as follows: a resident agent is employed for the purpose of making contracts for the sale and renting of machines in that county and that county only; machines are delivered to such agents and placed aboard wagons and taken by the agents into the .

rural districts for the purpose of soliciting customers
either to purchase or to rent machines; when a buyer is
found the machine is delivered by the agent to the cus-
tomer, who either pays cash for it or executes an instal-
ment note in which the company retains title to the
machine, or an instalment note secured by a mortgage
upon the machine and other property; such sale on credit
is made subject to the approval of the company, and if
not approved the instalment note is returned to the
maker and the machine returned to the company. If the
agent makes a contract for the sale of the machine for
cash this also is subject to the approval or disapproval
of complainant. The final consummation of all sales is at
one of complainant's established places of business.
The same agents are engaged also in renting machines and
collecting the rent arising therefrom, and the greater
portion of their time is consumed in such renting, this
constituting at least seventy per centum of the business
done by complainant in the State. Rented machines are
placed aboard wagons and taken by the agents into the
rural districts. Each of these agents is attached to some
one of the stores or places of business operated by com-
plainant, and the machines handled by the agent are sent
to him from the place of business to which he is attached,
or taken from that place of business by him upon the
wagon which he drives. Besides this, complainant sells
and rents machines at its regularly established places of
business and delivers such machines to the buyers or
renters by the use of wagons and teams; and in those
counties where complainant has established places of
business, machines sold or rented at those places are
delivered by the same agents and with the same wagons
that are used in carrying machines into the rural districts.
It is averred that the machines are of the average weight
of 135 pounds. That there are many other merchants in
the State who sell sewing machines of a different manu-

facture at their places of business, and the average weight of these also is about 135 pounds; that on account of their weight it is the custom and practice of complainant, and of the other merchants also, to make delivery by the use of wagons and teams whether the sales are made at their places of business or otherwise, and that it is impracticable to conduct the business without delivery by wagon.

With respect to the business conducted in Russell County, Alabama, it is averred that complainant operates a regularly established place of business in the City of Columbus, Georgia, where sewing machines and accessories are kept for sale, and in connection with this business agents are employed to deliver machines and accessories in Russell County, which adjoins the Georgia state line; and that complainant does not sell or deliver any sewing machines or accessories in Russell County except in the following manner, namely, its agents use wagons and teams in going about and displaying sample machines, and thereby obtain orders for machines and accessories, which orders are transmitted by the agents to the complainant at Columbus, Georgia, for acceptance or rejection, and if accepted the machines or other articles so ordered are taken out of stock there, placed upon wagons, and thereby delivered to the purchasers in Russell County.

The bill is based upon the contention that § 32 of the tax law violates the Constitution of the United States in that it is a regulation of interstate commerce, and contravenes the "due process" and "equal protection" clauses of the Fourteenth Amendment, and also that it violates the constitution of Alabama; and, finally, that appellant is within the exception of the statute.

To the original bill (prior to the amendments) demurrers were filed, and were sustained as to the whole bill except paragraph 6, which set forth the mode of conducting complainant's business in Russell County. As to this the court held that the facts showed a case of inter-

state commerce, and that the act had no application to it. 199 Fed. Rep. 654.

The amendments having been made, the amended bill was submitted upon the same demurrers, which were made to apply to the bill as amended. Again the court sustained the demurrers except as to paragraph 6 relating to Russell County, and as to this overruled them. Defendants then filed an answer admitting the allegations of paragraph 6, and the cause was submitted upon bill and answer, with the result that by final decree relief was accorded to complainant as to the license tax sought to be collected in Russell County, and in other respects relief was denied and the bill dismissed. Because of the constitutional questions, a direct appeal to this court was taken under Judicial Code, § 238.

*Mr. John R. Tyson,* and *Mr. Henry Axtell Prince,* with whom *Mr. M. A. Gunter* was on the brief, for appellant:

This court has jurisdiction of a direct appeal from the District Courts of the United States when the constitution or law of a State is claimed to be in contravention of the Constitution of the United States. Judicial Code, § 238.

Although the appellant may insist that the law which is impeached has no application to his case, or that the *res* does not, for any reason, come within its terms, yet, if he insists *bona fide* that, though such defenses fail, the unconstitutionality of the law protects him, the court has jurisdiction, since "the question is (was) a substantial one, and is (was) directly presented, and its determination (is) required," unless other defenses succeed. *Smoot* v. *Heyl,* 227 U. S. 518.

When the constitutional question does not arise except on the condition of a preliminary question of general law being decided in favor of the appellant, then it cannot be said to be directly and necessarily involved and the court has no jurisdiction, as in *Empire Co.* v. *Hanley,* 205 U. S.

255; *Cosmopolitan Mining Co. v. Walsh*, 193 U. S. 460; *Casey v. H. & T. C. Ry.*, 150 U. S. 170; *Sloan* v. *United States*, 193 U. S. 614; *Muse* v. *Arlington H. Co.*, 168 U. S. 430.

When the constitutional point is directly presented and is necessarily involved. in any decision against the appellant, though he may have preliminary points which might protect him without considering the constitutional question, the court has jurisdiction of the appeal, as is expressly decided in the *Smoot Case, supra*. *Penn Mut. Life Ins. Co. v. Austin*, 168 U. S. 685; *Mayor v. Vicksburg*, 202 U. S. 453; *Field v. Barber Asphalt Co.*, 194 U. S. 618; *Burton* v. *United States*, 196 U. S. 283; *Ill. Cent. R. R.* v. *McKendres*, 203 U. S. 554.

When the constitutional question is duly presented in the lower court the jurisdiction of this court does not depend upon the question whether the right claimed under the Constitution of the United States has been upheld or denied in the court below; and the jurisdiction of this court is not limited to the constitutional question, but extends to the whole case. Cases *supra* and *Holder* v. *Aultman*, 169 U. S. 81, 88; *Whitten* v. *Tomlinson*, 160 U. S. 231, 238; *Loeb* v. *Columbia &c.*, 179 U. S. 472; *Chappell* v. *United States*, 160 U. S. 499, 509; *Horner* v. *United States*, No. 2, 143 U. S. 570, 577.

When there is no full, adequate and complete remedy at law, there is an unqualified right to appeal to equity, and especially so when in that way only a multitude of ruinous and vexatious law suits, about a single matter, can be avoided. *Boyce* v. *Grundy*, 3 Pet. 210; *West. Union Tel. Co.* v. *Andrews*, 216 U. S. 165; *Ex parte Young*, 209 U. S. 123; *Smyth* v. *Ames*, 169 U. S. 466; *Walla Walla* v. *Water Co.*, 172 U. S. 1, 12; *Meyer* v. *Wells, Fargo & Co.*, 223 U. S. 298.

The equal protection of the laws is denied when, all questions of police power being out of the way, a lawful

business, or the use of property in a lawful way, is palpably and unjustly discriminated against in favor of other business or other use of the same property by the same or other owners.

A business may be taxed for revenue or may be forbidden or regulated under the police power, and so with the use of property, but a business cannot be taxed on account of the manner of conducting it by one citizen while the same business conducted in a different and perhaps less efficient manner by other citizens is exempted. And so as to property. The use of wagons and teams for transporting sewing machines, for sale or display, cannot be taxed merely because they are used in such work while untaxed when not so used and when the same transportation and display may be effected without taxation in any other way. *Ala. Con. Coal Co.* v. *Herzberg*, 55 So. Rep. 305; *Montgomery* v. *Kelly*, 142 Alabama, 552; *Mefford* v. *Sheffield*, 148 Alabama, 539; *Phœnix Carpet Co.* v. *State*, 118 Alabama, 143.

Legislation cannot restrict or coerce industry as to its channels from pure whimsicality, or from any motive disconnected from the due exercise of the police power and from taxation for revenue according to constitutional formulas. Cases *supra* and see Constitution of Alabama, § 35.

A business or property cannot be taxed as a whole and then separately as to its constituents. As a tax on wagons and separately on the spokes of the wheels. *Montgomery* v. *Kelly*, 142 Alabama, 552; *Mefford* v. *Sheffield*, 148 Alabama, 539; *Mobile* v. *Richards*, 98 Alabama, 594; *Gambill* v. *Endrich Bros.*, 143 Alabama, 506.

No state statute can stand which by its terms will burden or regulate interstate commerce. And the courts cannot by judicial limitation preserve the statute in part by restricting its terms to a legitimate field of operation. *Civil Rights Cases*, 109 U. S. 3; *United States* v. *Reese*, 92 U. S.

214; *Howard* v. *Illinois Cent. R. Co.*, 207 U. S. 463; *West. Un. Tel. Co.* v. *Kansas*, 216 U. S. 1; *Crutcher* v. *Kentucky*, 141 U. S. 47, 62; *Norf. & West. Ry.* v. *Pennsylvania*, 136 U. S. 114, 118; *Leloup* v. *Mobile*, 127 U. S. 640; *Galveston &c. R. Co.* v. *Texas,* 210 U. S. 217; *Brimmer* v. *Rebman*, 138 U. S. 78–81; *Butts* v. *Mar. & Mins. T. Co.*, 230 U. S. 126.

Contracts are made, and the "business of selling" is done, at the place where the contract receives the final assent of the mind which concludes the negotiation, converting it into a contract or sale. *Holder* v. *Aultman*, 169 U. S. 81, 88.

` *Mr. Robert C. Brickell*, Attorney General of the State of Alabama, for appellees.  ·

MR. JUSTICE PITNEY, after making the foregoing statement, delivered the opinion of the court.

With respect to the business conducted in Russell County, the decree of the District Court is not now directly under review; but, at any rate, it was clearly correct under *Crenshaw* v. *Arkansas*, 227 U. S. 389. With respect to the other counties, the correctness of the decision, so far as the commerce clause is concerned, seems to us equally clear under *Emert* v. *Missouri*, 156 U. S. 296.

But it is argued that the courts cannot properly sustain a statute which in direct terms applies to all commerce, by restricting it to cases of actual interference with interstate dealings. To quote from the brief: "All such laws as will necessarily affect interstate commerce when it arises are void. We do not have to await actual results on actual commerce to pronounce them void.  .  .  . And, of course, a statute of this character, which is void as a whole, from its unity of character, will as readily be so declared in a case in which only intrastate commerce may be actually involved as otherwise. The lower court was

thus clearly in error in limiting the invalidity of the statute to the dealing in Russell County."

This argument, we think, misses the point. The statute under consideration does not in direct terms or by necessary inference manifest an intent to regulate or burden interstate commerce. Full and fair effect can be given to its provisions, and an unconstitutional meaning can be avoided, by indulging the natural presumption that the legislature was intending to tax only that which it constitutionally might tax. So construed, it does not apply to interstate commerce at all. The statute provides for a license or occupation tax. Normally, as the averments of the bill sufficiently show, the occupation may be and is conducted wholly intrastate, and free from any element of interstate commerce. The fact that, as carried on in Russell County, a like occupation is conducted with interstate commerce as an essential ingredient, is wholly fortuitous.

Nor has the tax that "unity of character" upon which the argument necessarily depends. The cases cited in support of the insistence that the act must be adjudged totally void because if applied in Russell County it would burden interstate commerce are readily distinguishable. In *United States* v. *Reese*, 92 U. S. 214, 221, there was a penal statute couched in general language broad enough to cover wrongful acts without as well as within the constitutional inhibition, and it was held that the court could not reject the unconstitutional part and retain the remainder, because it was not possible to separate the one from the other. In *Trade-Mark Cases*, 100 U. S. 82, 99, the court upon the same principle declined to sustain in part a trade-mark law, so framed as to be applicable by its terms to all commerce, by confining it to the interstate commerce that alone was subject to the control of Congress. In *Leloup* v. *Port of Mobile*, 127 U. S. 640, 647, the court held a general license tax, imposed by the State

of Alabama upon the business of a telegraph company in part interstate and in part internal, to be unconstitutional, and held that since the tax affected the whole business without discrimination it could not be sustained with respect to that portion of the business that was internal and therefore taxable by the State.   To the same effect are *Norfolk &c. R. R. Co.* v. *Pennsylvania*, 136 U. S. 114, 119; *Crutcher* v. *Kentucky*, 141 U. S. 47, 62; *Galveston &c. Ry. Co.* v. *Texas*, 210 U. S. 217; *Western Union Telegraph Co.* v. *Kansas*, 216 U. S. 1, 27.   In *Williams* v. *Talladega*, 226 U. S. 404, 419, there was a state license tax that operated without exemption or distinction upon the privilege of carrying on a business, a part of which was that of an essential governmental agency constituted under a law of the United States.   It was held that the tax necessarily included within its operation this part of the business, and since this was unconstitutional the whole tax was rendered void.

The statute now under consideration differs materially, in that it deals separately with the business as conducted in each county of the State, and provides for separate taxes to be laid for each county.   And the facts as averred in the bill of complaint show that with respect to all of the counties in which appellant does business, excepting only the County of Russell, there is no element of interstate commerce.   In each county there is a store or regular place of business, from which all of the local agents for the same county are supplied with sewing machines and appurtenances that are to be taken into the rural districts for sale or renting, and all transactions that enter into the sale or renting are completely carried out within a single county.

It would be going altogether too far to say that appellant, being properly taxable, and without the least interference with interstate commerce, in twenty-nine counties of the State, could obtain immunity from all such taxation

by establishing in one county a system of business that involved transactions in interstate commerce.

So far as the Fourteenth Amendment is concerned, the argument is confined to the "equal protection" clause. It is said there is no sufficient ground for a distinction, with respect to taxing the occupation, between the business of selling sewing machines from a regularly established store and the business of selling them from a delivery wagon. But there is an evident difference, in the mode of doing business, between the local tradesman and the itinerant dealer, and we are unable to say that the distinction made between them for purposes of taxation is arbitrarily made. In such matters the States necessarily enjoy a wide range of discretion, and it would require a clear case to justify the courts in striking down a law that is uniformly applicable to all persons pursuing a given occupation, on the ground that persons engaged in other occupations more or less like it ought to be similarly taxed. This is not such a case. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 559, 562; *Cook* v. *Marshall County*, 196 U. S. 261, 274; *Armour Packing Co.* v. *Lacy*, 200 U. S. 226, 235; *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114; 121.

In *Quartlebaum* v. *State*, 79 Alabama, 1, 4, a previous statute (sub-section 20 of § 14, act of December 12, 1884; Session Acts 1884–5, p. 17), which imposed an annual license fee of $25 upon "each sewing machine . . . company selling sewing machines . . . either themselves or by their agents, and all persons who engage in the business of selling sewing machines . . . but when merchants engaged in a general business, keep sewing machines . . . they shall not be required to pay the tax herein provided," was sustained against the criticism that it discriminated between two classes of persons engaged in the business of selling sewing machines, namely, between persons who were "merchants engaged in a general business," and persons not so engaged;

the court saying as to the former, "If sewing machines be part of their stock in trade, they are taxed for them as for other merchandise. Their business is in its nature stationary, and there is little or no risk in levying taxes upon their business, on the rule of percentage. That rule may be wholly unsuited and ineffectual for other pursuits, and other lines of business. Much must be left to the discretion of the Legislature, for exact equality of taxation can never be reached." And see *Ballou* v. *State*, 87 Alabama, 144, 146.

The contention that the statute violates the state constitution is grounded upon two sections of the Bill of Rights, viz., § 1, "That all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty, and the pursuit of happiness;" and § 37, "That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty and property; and when the government assumes other functions, it is usurpation and oppression."

The bearing of these provisions upon the case in hand is not clear. The argument seems to be that since the tax law in question is not a police measure but a revenue measure, the discriminations are arbitrary. To quote from the brief: "Selling sewing machines is the business, and it is taxed highly, and it may be in fact prohibitorily, when it is done by the use of wagons and teams, and not at all when done at stores." There are other suggestions of a like import. They seem to be sufficiently answered by what has been already said respecting the "equal protection" clause of the Fourteenth Amendment. The State has a wide range of discretion with respect to establishing classes for the purpose of imposing revenue taxes, and its laws upon the subject are not to be set aside as discriminatory unless it clearly appears that there is no rational basis for the classification.

The cases cited from the state courts lend no support to appellant's argument. *City of Mobile* v. *Craft*, 94 Alabama, 156; *Mayor and Aldermen of Tuscaloosa* v. *Holczstein*, 134 Alabama, 636, and *Gambill* v. *Endrich Bros.*, 143 Alabama, 506, involved the construction of certain municipal charters and the powers of the respective municipalities thereunder, and have no direct bearing upon the present question. In *Montgomery* v. *Kelly*, 142 Alabama, 552, 559, a municipal ordinance requiring each merchant who issued trading stamps in connection with his business to pay a license tax of $100, viewed in the light of another ordinance that fixed a license fee of $1,000 upon trading stamp companies, was held to be "A palpable attempt under the guise of a license tax, to fix a penalty on the merchant, for conducting his business in a certain way," and therefore unconstitutional. *Mefford* v. *City of Sheffield*, 148 Alabama, 539, sustained a city ordinance that imposed a tax of $200 on wholesale dealers in illuminating oil, while fixing the license tax on dealers in goods, wares, or merchandise in general at $10. *Alabama Consolidated Coal Co.* v. *Herzberg*, 59 So. Rep. 305, declared unconstitutional § 33A of the Revenue Act of March 31, 1911, p. 181, which undertook to impose upon persons, firms, or corporations conducting a store at which their employés trade on checks, orders, or the like, an annual license fee varying according to the number of persons employed; the court saying, p. 306: "The tax is not, therefore, imposed upon the business, or upon all engaged in a similar business, but is based solely upon the manner in which a party may conduct the business; and the foregoing section is repugnant to the state and Federal constitutions under the authority of *City of Montgomery* v. *Kelly*, 142 Alabama, 552."

The other state decisions to which we are referred have been examined, and we are unable to find in them any basis for declaring § 32 of the Act to be in contravention of the state constitution.

Finally, it is said that since it appears from the aver-ments of the bill that all sales of sewing machines by ap-pellant's agents in the field are executory only, and require the approval of appellant at its regularly established places of business, located in the various counties of the State, which are headquarters for all agents with their wagons and teams, it at the same time sufficiently appears that appellant is a merchant conducting a regular business at each of said stores, and therefore within the saving clause of § 32 of the Act in question, which declares that "This section shall not apply to merchants selling the above enumerated articles at their regularly established places of business."

It is quite plain, however, from a reading of the entire section, that the business of selling sewing machines by traveling salesmen is intended to be taxed, and the business of selling them at established places of business is intended to be left untaxed, so far as this section is concerned, al-though the machines sold at these places be delivered by wagons. Complainant is engaged in doing business of both kinds; and with respect to the itinerant sales it is subject to the tax under the section referred to.

*Decree affirmed.*