144 So. 811

## STATE v. ATLANTIC COAST LINE R. CO.

### 3 Div. 32.

Supreme Court of Alabama.

Nov. 17, 1932.

Rehearing Denied Dec. 22, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

F. B. Grier, of Wilmington, N. C., W. E. Kay, of Jacksonville, Fla., Carl H. Davis, of Wilmington, N. C., and A. H. Arrington, of Montgomery, for appellee.

ANDERSON, C. J.

Suit by the state to recover certain franchise taxes claimed to be due. The agreed facts show that the appellee was assessed and has paid the tax as provided by section 54½ of the Revenue Act of 1927, and which said section reads as follows: "If a corporation organized under the laws of any other state, nation, or territory, shall have heretofore merged or consolidated, or shall hereafter merge or consolidate, with a corporation organized under the laws of the State of Alabama, and if more than seventy-five (75) per cent of the capital employed by such merged or consolidated corporation is located outside the State of Alabama, such merged or consolidated corporation shall, for the purposes of this act, be deemed, and held to be, a foreign corporation, and shall pay the franchise tax herein required to be paid by foreign corporations." Gen. Acts 1927, p. 176.

The state insists that the appellee is a domestic corporation and should be assessed upon its entire capital stock as provided by section 53 of the Revenue Act, and not upon the amount of capital employed in this state as provided by section 54 of said act—that the appellee being a domestic corporation, section 54½ violates section 229 of the Constitution of 1901. So, the chief question involved is the constitutionality vel non of section 54½ of the Revenue Act.

Section 229 of the Constitution provides for a franchise tax on domestic corporations, and section 232 on foreign corporations. For a full discussion of the origin and purpose of these provisions, see the case of Louisville & N. R. Co. v. State of Alabama, 201 Ala. 317, 78 So. 93.

It is an uncontroverted fact that this appellee was organized as a corporation under the laws of another state and was a foreign corporation until becoming consolidated with certain Alabama lines under our statute, and thereby became domesticated. State v. Atlantic Coast Line R. Co., 202 Ala. 558, 81 So. 60; Id., 204 Ala. 80, 85 So. 424. Therefore, the appellee, being a foreign corporation, became domesticated because of the consolidation and by virtue of the statute and not the Constitution. Section 229 does not attempt to define what is or is not a domestic corporation, but provides as to how the franchise tax shall be assessed or paid. As this appellee became domesticated by virtue of the statute and not the Constitution, the Legislature had the right to amend the statute under which it became domesticated by section 54½ of the Revenue Act, and which was done.

██ It is well settled that the Legislature has the power to enact any law not forbidden by the state Constitution and not in conflict with the Federal Constitution, and that the burden is on him who assails the law to establish the unconstitutionality of same beyond a reasonable doubt and, as to this, the appellant has failed to meet the burden.

The case of Penn. Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346, while not in point, has some bearing by way of analogy in deciding that the Legislature has some discretion in fixing the status of a corporation.

██ We are, of course, dealing only with the right of the Legislature to go as far as it did by section 54½ in releasing the state's right to hold the appellee liable for a franchise tax as a domestic corporation and in changing its status from what was fixed by the consolidation. Should there be any rights acquired by virtue of the consolidation, section 54½ does not attempt to disturb same, except as to a franchise tax, and as to which this appellee has no cause to complain. Moreover, if the appellee's status was changed by virtue of our statute as to the result of the consolidation, the right of repeal was reserved to the Legislature by sections 22, 229, and 238 of the Constitution.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.