STATE *v.* GRAY ET AL.

Crim. 3996

Opinion delivered June 29, 1936.

*Carl E. Bailey,* Attorney General, and *J. F. Koone,* Assistant, for appellant.

*Blansett & Blansett,* for appellees.

*A. P. Patton, amicus curiae.*

JOHNSON, C. J.   On relation of the prosecuting attorney of and for the Fourteenth Judicial Circuit, proceedings were instituted in a justice of the peace court of Benton county, the object of which was to have appellees, Jack Gray and T. G. Allen, adjudged in violation of the provisions of act 186 of 1935, p. 501 and to require payment of the occupation tax therein levied. At the instance of appellees the justice of the peace declared the act unconstitutional and void and a like result occurred in the circuit court on appeal. This appeal is prosecuted by the Attorney General seeking reversal.

Constitutional questions should be approached and considered in the cardinal light that all legislative acts are presumed to be constitutional and valid and all

doubts in reference thereto should be resolved in favor of their validity. *Wiseman, Commissioner* v. *Phillips,* 191 Ark. 63, 84 S. W. (2d) 91, and cases there cited. Section 1 of the act provides: "That the vocation, occupation or business of going into and about the city or county soliciting orders through the sale of coupons, or otherwise, for portrait work, enlargements and tinted portraits in water colors or in oils, by nonresident photographers not having a permanently established place of business within this State, is hereby declared to be a privilege and taxable for the use and benefit of the county general school fund of the county in which so operating, and the rate of tax upon such privilege shall be as hereinafter fixed; the privilege tax so fixed herein shall be paid to the clerk of the county court who shall issue his receipt therefor when satisfied that the applicant is a nonresident photographer within the meaning of this act. The receipt so issued may be cancelled by the clerk at any time before its expiration on a showing that same was procured by fraud or misrepresentations." Section 2 thereof expressly defines "itinerant nonresident photographers" as employed in said act. This section provides: "That for the purposes of this act the term 'itinerant nonresident photographer' is defined to be any person, firm or corporation, engaged in the business of going into and about the city or county soliciting orders through the sale of coupons, or otherwise, for portrait photographic work, enlargements or portraits, and tinted portraits whether in water colors or in oils, and not having within this State a permanently established and *bona fide* place of business of at least one year standing before applying for the license permit to do business."

The opinions and consequent judgments of the justice of the peace and the circuit court are sought to be upheld, first upon the theory that the act is applicable only to nonresidents or citizens of other States and is, therefore, discriminatory and repugnant to § 18 of art. 2 of the Constitution of 1874.

This contention cannot be sustained if we give any meaning or effect to § 2 of said act. This section clearly

and definitely defines who are "itinerant nonresident photographers" as designated in said act and plainly and expressly provides that such "itinerant nonresident photographers" are those not having within the State a permanently established *bona fide* place of business of at least one year's standing, etc.

The language of the act last quoted, when considered and construed with its other provisions can have but one meaning and that is that the provisions of act 186 of 1935, p. 501 apply to all photographers doing business in this State, resident and nonresident, citizens of this State and citizens of other States alike and upon equal terms saving those only from payment of the tax who have a permanently established business of one year's duration immediately prior to the application for the privilege of doing such business. These and those only who have such established place of business are exempt from paying the tax. The act being thus construed is a proper classification for the purposes of taxation and does not offend § 18 of art. 2 of the Constitution.

Next, the judgments of the lower courts are sought to be sustained because as it is said the act offends the Fourteenth Amendment of the Constitution of the United States which by its terms guarantees to all citizens equal protection of the laws. Ex parte *Deeds*, 75 Ark. 542, 87 S. W. 1030, is cited as sustaining the contention urged. Seemingly, this citation sustains the contention. This case was decided by this court on May 27, 1905. Subsequently, the Supreme Court of the United States had under consideration an Alabama statute which classified for the purposes of taxation on the basis of those "having regular stores established in the different counties." It was there urged as here that the statute offended the Fourteenth Amendment, but the court disposed of the contention by saying: "It is said there is no sufficient ground for a distinction, with respect to taxing the occupation, between the business of selling sewing machines from a regularly established store and the business of selling them from a delivery wagon. But there is an evident difference, in the mode of doing business, between the local trades and the itinerant dealer, and we

are unable to say that the distinction made between them for purposes of taxation is arbitrarily made. In such matters the States necessarily enjoy a wide range of discretion, and it would require a clear case to justify the court in striking down a law that is uniformly applicable to all persons pursuing a given occupation, on the ground that persons engaged in other occupations more or less like it ought to be similarly taxed. This is not such a case. *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 46 L. Ed. 679, 22 S. Ct. 431; *Cook* v. *Marshall County,* 196 U. S. 261, 49 L. Ed. 471, 25 S. Ct. 233; *Armour Packing Co.* v. *Lacy,* 200 U. S. 226, 50 L. Ed. 451, 26 S. Ct. 232; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114, 54 L. Ed. 688, 30 S. Ct. 496." *Singer Sewing Machine Co.* v. *Brickell,* 233 U. S. 304, 58 L. Ed. 974, 34 S. Ct. 493.

We believe that the quotation from the Singer Sewing Machine Company case, last cited, is decisive of the contention here urged and if there be conflict between it and our pronouncement in the Deeds case, *supra,* we should and do yield to the Supreme Court's pronouncement. It appears, therefore, that the act does not offend the Fourteenth Amendment and the judgments of the lower courts cannot be sustained upon this theory.

Finally it is contended for affirmance that the act offends the "commerce clause" of the Federal Constitution art. 1, § 8, cl. 3, because, as it is argued, it levies a tax upon interstate commerce. Compare *Crenshaw* v. *Arkansas,* 227 U. S. 389, 33 S. Ct. 294, 57 L. Ed. 565. But such is not the effect of act 186 of 1935, p. 501. This exact contention was urged and decided adversely to appellee's contention in the Singer Sewing Machine case, cited, *supra,* where the court in disposing of the contention said: "The statute under consideration does not in direct terms or by necessary inference manifest an intent to regulate or burden interstate commerce. Full and fair effect can be given to its provisions, and an unconstitutional meaning can be avoided, by indulging the natural presumption that the Legislature was intending to tax only that which it constitutionally might tax. So construed, it does not apply to interstate commerce at all.

The statute provides for a license or occupation tax. Normally, as the averments of the bill sufficiently show, the occupation may be and is conducted wholly intrastate, and free from interstate commerce.''

It should be superfluous for us to undertake to add to the arguments advanced by the Supreme Court of the United States, last quoted, and it will, therefore, suffice to say that we adopt its reasoning as our own in the disposition of this contention.

It follows from what we have said that act 186 of 1935 is a valid and constitutional enactment and the lower court erred in deciding otherwise.

The case will be reversed, and remanded with directions to proceed in conformity to law, and not inconsistent with this opinion.