175 So. 402

**FRAZIER v. STATE TAX COMMISSION.**

**3 Div. 221.**

Supreme Court of Alabama.

June 14, 1937.

Mooneyham & Mooneyham, of Montgomery, for appellant.

354

A. A. Carmichael, Atty. Gen., B. W. Simmons, Asst. Atty. Gen., H. L. Anderton, of Birmingham, E. C. Boswell, of Geneva, and L. H. Ellis, of Columbiana, for appellee.

Benners, Burr, McKamy & Forman and Frontis H. Moore, all of Birmingham, amici curiæ.

THOMAS, Justice.

The question for decision is presented under the declaratory judgment act. Gen. Acts 1935, p. 777.

The question presented for decision is whether the classification employed in section 4, subsection (k) of the Sales Tax Act (Gen.Acts 1936–37, Ex.Sess., pp. 125, 128, approved February 23, 1937) is reasonable, and not arbitrary, discriminatory, or offensive to section 22, article 1, and section 217, article 11, of the Constitution of Alabama, or the Fourteenth Amendment to the Constitution of the United States.

The rules that obtain as to constitutional construction need not be repeated at this time. They have been frequently stated in the decisions. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; Union Bank & Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644.

It is insisted that the statute as construed and enforced in the administration by the taxing authorities of the state constitutes a denial of the equal protection of the law. Yick Wo v. Hopkins, 118 U.S. 356, 373, 6 S.Ct. 1064, 30 L.Ed. 220, 227; Bailey v. State of Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191; Bailey v. State, 158 Ala. 18, 48 So. 498; Warrior Water Co. v. Long, 218 Ala. 125, 117 So. 656.

It is declared by this and the federal courts that reasonable classifications must be employed in statutes and ordinances or the same will offend the appropriate provisions of organic law. That is to say, that the lawmakers are free to create classes upon whom the taxing power may be levied, and the only uniformity requisite is that subjects of the same class are made to bear equally and uniformly the burden imposed. Western Union Telegraph Co. v. State Board of Assessment, 80 Ala. 273, 280, 60 Am.Rep. 99; Hill v. Moody, 207 Ala. 325, 93 So. 422; Warrior Water Co. v. Long, 218 Ala. 125, 117 So. 656; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527; Singer Sewing Mach. Co. v. Brickell, 233 U.S. 304, 34 S.Ct. 493, 58 L.Ed. 974; American Sugar Ref. Co. v. Louisiana, 179 U.S. 89, 21 S.Ct. 43, 45 L.Ed. 102.

The distinction between property and excise or license taxes is well understood. Phoenix Carpet Co. v. State, 118 Ala. 143, 151, 22 So. 627, 72 Am.St.Rep. 143; Hale v. State, 217 Ala. 403, 116 So. 369, 58 A. L.R. 1333; Warrior Water Co. v. Long, 218 Ala. 125, 117 So. 656; Lee v. State Tax Commission, 219 Ala. 513, 123 So. 6.

This court in construing exemption statutes observed on the authority of Southern Ry. Co. v. St. Clair County, 124 Ala. 491, 27 So. 23, 27:

"The tax imposed by the statute is levied by the proper authorities of the county of St. Clair on property situated in the county devoted to the better maintenance of the public schools of the county, and is not, in any proper sense (excepting that authority for its imposition is derived from the general assembly), a state tax, though it may aid in the maintenance of the state system of public schools. Neither counties nor municipalities have an inherent power of taxation. Whatever of power they may have, is of legislative delegation; and upon them, in the absence of special constitutional restriction, the general assembly may confer the taxing power in such measure as it deems expedient, —'in other words, with such limitations as it sees fit as to the rate of taxation, the public purposes for which it is authorized, and the objects (the persons and property) which shall be subjected to taxation.' 2 Dill Mun.Corp. § 740. Hamilton v. Pullman Car & Mfg. Corp., 231 Ala. 7, 163 So. 329.

Adverting to the act in question, the body of the act is embraced in and reasonably connected with the comprehensive title employed. The title is as follows:

"An Act to further provide for the general revenue of the State of Alabama, and to repeal an Act entitled, 'To be entitled an Act to amend an Act entitled, "An Act to provide for the general revenue of the State of Alabama, approved July 10, 1935," by adding Schedule 155.4A and Schedule 155.4B to Section 348 of said Act, approved December 17, 1936.'"

It is recited in section 1 of the act, subsections (h) and (i), as follows:

"(h) The term 'wholesale sale' or 'Sale at Wholesale' means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers not for resale. The terms 'wholesale sale' shall include a sale of tangible personal property or products to a manufacturer mine, quarry operator, or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he manufactures and machinery used in such compounding, mining, quarry operator, manufacturing, or processing.

"(i) The term 'sale at retail' or 'retail sale' shall mean all sales of tangibles personal property except those above defined as wholesale sales. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail, except as herein expressly provided. Sales of building materials to contractors, builders, or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold. Sales of tangible personal property or products to manufacturers, quarry, mine, operators or compounders, which are consumed by them in manufacturing, mining, quarrying or compounding and do not become an ingredient or component part of the tangible personal property manufactured or compounded are retail sales."

The clauses levying and enforcing an excise tax are as follows:

"There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows: (a) Upon every person, firm or corporation engaged or continuing within this State in business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character, (not including, however, bonds or other evidences of debt or stocks) an amount equal to two per cent of the gross proceeds of sales of the business, except where a different amount is expressly provided herein. * * *"

"If any person, on or after the passage of this Act, shall engage in or continue in any business for which a privilege tax is imposed by Section 2 of this Act, as a condition precedent to engaging or continuing in such business, he shall apply for and obtain from the Commission a license to engage in and to conduct such business for the current tax year upon the condition that he shall pay the taxes accruing to the State of Alabama under the provisions of this Act, provided, however, that no license shall be issued under the provisions of this Act to any person who has not complied with the provisions of this Act, and no provision of this Act shall be construed as relieving any person from

the payment of any license or privilege tax now imposed by law."

This statute was recently construed in F. A. Doby et al. v. State Tax Commission, ante, p. 150, 174 So. 233.

The exemptions contained in the act are defined or specified in section 4, and, among other things, it is declared:

"There are, however, exempted from the provisions of this Act: * * * (k) Amounts received by manufacturers, compounders, processers, producers, miners, and quarries from sales to consumers in carload lots or in larger quantities except as otherwise expressly provided in Section 1 of this Act."

The pleader avers that "By the terms of said subsection (k) a manufacturer is permitted to sell to the consumer in car load lots without payment of the tax as provided for in said Act, and, therefore, subsection (k) in exempting sales in car load lots from the tax discriminates against complainant in that he is required to pay the tax on purchases made for consumption or for resale due to the fact that such purchases are in less than car load lots."

It is further averred that "In the event it is held by the Court that said exemptions provided for in said subsection (k), aforesaid, is not invalid and void, for and on account of being discriminatory, or for other reasons, then in that event manufacturers, compounders, processers, producers, miners and quarriers, can and will purchase products other than those they manufacture, compound, process, produce, mine and quarry, and sell them in car load lots, and claim and obtain exemptions under said subsection (k) and thus be in competition with orator in and about his business of selling his products as aforesaid, and complainant contends that the State Tax Commission is in error in limiting said exemptions to products manufactured, compounded, processed, produced, mined and quarried by the person or persons claiming said exemptions."

The question arises does subsection (k) of section 4 of the Act of February 23, 1937, violate the Fourteenth Amendment to the Constitution of the United States, in the classifications and exemptions employed, or offend the Fourteenth Amendment to the Constitution of the United States, which reads, as follows:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

■■ This court will presume in favor of the constitutionality of a law until the contrary appears, State v. Skeggs, 154 Ala. 249, 46 So. 268; State v. Black, 224 Ala. 200, 139 So. 431; Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; and the burden is upon one asserting unconstitutionality, State v. Atlantic C. L. R. Co., 225 Ala. 648, 144 So. 811.

■ From the many authorities on the subject, we note that the limitation on the discretion of the Legislature and on municipal authorities, in making of classification in statutes or municipal ordinances, is that the same be (1) not arbitrary, (2) not a subterfuge to shield one class and unduly burden another, or (3) to unlawfully oppress in its administration. Such is the rule that obtains in state and federal courts. Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509; Moog v. Randolph, 77 Ala. 597; Toyota v. Territory of Hawaii, 226 U.S. 184, 33 S.Ct. 47, 57 L.Ed. 180; City of Tuscaloosa v. Hanly, 227 Ala. 513, 514, 150 So. 499. In the Ohio Oil Co. v. Conway case, 281 U.S. 146, 159, 50 S.Ct. 310, 313, 74 L. Ed. 775, the Chief Justice appropriately observed:

"When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the national government or violating the guarantees of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to insure revenue and foster their local interests. The States, in the exercise of their taxing power, as with respect to the exertion of other powers, are subject to the requirements of the due process and the equal protection clauses of the Fourteenth Amendment, but that Amendment imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to schemes of taxation. The State may tax real and personal property in a different manner. It may grant exemptions. The State is not limited to ad valorem taxation. It may impose different specific taxes upon different trades and professions and may vary the rates of ex-

cise upon various products. In levying such taxes, the State is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use, or value. To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure."

This text was quoted and applied in Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509.

█ In Nachman et al. v. State Tax Commission, 233 Ala. 628, 173 So. 25, Mr. Justice Knight for the court observed that the Legislature may tax land, exempt personal property, or vice versa; and that in Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am.St.Rep. 143, this court gave its approval to the principle stated by Judge Cooley, that what is true of property is true of privileges and occupations also; the state may tax all, or it may select for taxation certain classes and leave the other untaxed. Considerations of general policy determine what the selection shall be in such cases, and there is no restriction upon the power of choice, unless one is imposed by the Constitution. Cooley on Taxation, 570.

The Legislature having selected and duly classified the exemption indicated, uniformity and equality of taxes imposed on other classes is preserved, and thus it violates no provision of organic law. American Bakeries Co. v. Huntsville, 232 Ala. 612, 168 So. 880.

█ As stated for this court in Nachman et al. v. State Tax Commission, 233 Ala. 628, 173 So. 25, the only limitation imposed upon the Legislature is that when it proceeds to impose a tax on occupations or privileges, it must be equal and uniform. The equality and uniformity consist in the imposition of the like tax upon all who engage in the vocation, or who may exercise the privilege taxed. Here the privilege tax in its imposition and administration is equal and uniform, and applies to all alike within the valid classification employed. And subsection (k) is not offensive to section 22 of article 1 of the Constitution, forbidding "any irrevocable or exclusive grants of special privileges or immunities." It is not offensive to section 217 of article 11 of the Constitution, re-

quiring uniformity of taxation; nor does it abridge or deny any right or privilege or immunity protected by the Fourteenth Amendment to the Federal Constitution. The recent decisions of this court, as to the exercise of taxing power, are: American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880; State v. Kartus, 230 Ala. 352, 162 So. 533, 101 A.L.R. 1336; Pullman Car & Mfg. Corp. v. Hamilton et al., 229 Ala. 184, 155 So. 616; Board of· Revenue and Road Com'rs v. Puckett, 227 Ala. 374, 149 So. 850; Phelps v. Union Bank & Trust Co., 225 Ala. 238, 142 So. 552.

In the recent decision by the Supreme Court of the United States (Carmichael et al. v. Southern Coal & Coke Co., 57 S.Ct. 868, 81 L.Ed. ——), Mr. Justice Stone says of the taxing power of a state, under the Fourteenth Amendment, that it is inherent in the exercise of the tax power of a state to tax, that a state is free to select the subjects of taxation and to grant exemptions. Neither due process nor equal protection impose upon a state any rigid rule of equality of taxation; that inequalities which result from singling out of one particular class for taxation or exemption infringe no constitutional limitation. The many federal authorities supporting this rule are cited. It is further observed that like considerations govern exemptions from the operation of a tax imposed on the members of a class, that a Legislature is not bound "to tax every member of a class or none." It may make distinctions of degree having a rational basis, and when subject to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which will support it; that "this restriction upon the judicial function, in passing on the constitutionality of statutes, is not artificial or irrational. A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution."

█ Sections 211, 214, and 217 of the State Constitution apply to a property and not to a franchise tax. The entire act is the expression of the legislative will in the levy of a privilege and not a property tax. Union Bank & Trust Co. v. Phelps, 288 U.S. 181, 53 S.Ct. 321, 77 L.Ed. 687, 83 A.L.R. 1438; Singer Sewing Machine Co. v. Brickell, 233 U.S. 304, 34 S.Ct. 493, 58 L.Ed. 974; American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206.

· · This court has held that section 217, article 11, Constitution of Alabama, deals with a direct tax, and has no application to an excise or privilege tax. Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am.St.Rep. 143, and this has been uniformly followed by the later decisions.

It follows that there was no error of the trial court in adjudging that subsection (k) of section 4 of the Alabama Retail Sales Tax Act was valid and constitutional.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.