Opinion delivered November 6, 1939.

A. M. Coates, for appellant.

Jack Holt, Attorney General, and Jno. P. Streepey, Assistant Attorney General, for appellee.

Griffin Smith, C. J.   About January 1, 1939, Olan Mills purchased the Alpha Studio at Pine Bluff, including fixtures, accounts, good will, and ". . . all other rights and privileges pertaining to said business." The studio had for more than 20 years been used in producing photographs and portrait work.

Prior to his acquisition of the Pine Bluff property, Mills had for many years been engaged in the same character of business at Tuscaloosa, Alabama.   After purchasing the Arkansas property he engaged appellant R. E. Morris to solicit orders in the various counties of this state, such orders to be filled from the Pine Bluff studio.   The agreed statement concedes that Mills is still a citizen of Alabama, but that the Pine Bluff studio was conducted separately from his. Alabama business; also, that none of the work solicited in Arkansas was sent out of the state to be finished; that Mills had paid all state, county, city and privilege taxes required by law except the privilege tax specified in act 186 of 1935; Pope's Digest, § 13367.

Morris was convicted for soliciting in Phillips county without having paid the license fee of $25 required by the act.   The defense is that, being a solicitor for Mills, and Mills being in business within the state, the

statute is not applicable, inasmuch as the establishment at Pine Bluff had been operated for many years.

The fact remains, however, that Mills' ownership was of less than a year's duration. We do not believe it was the purpose of the law to permit one who admittedly had not been in business a year to purchase an existing business and by a process of construction or "merger" of time to say that the purchaser had engaged in business a year.

The act in question was construed in *State* v. *Gray, et al.,* 192 Ark. 1045, 96 S. W. 2d 447. It was held valid on the ground that it did not discriminate against non-residents. There it was said: ". . . the provisions of [the act] apply to all photographers doing business in this state, resident and nonresident, citizens of this state and citizens of other states alike and upon equal terms saving those only from payment of the tax who have a permanently established business of one year's duration immediately prior to the application for the privilege of doing such business. These and those only who have such established place of business are exempt from paying the tax."

Having reached the conclusion that one entering the business or profession in question cannot accelerate the period of probation by purchasing an existing business and adding to his own time of ownership the period during which his predecessor operated, we must hold that the trial court correctly declared the law.

Judgment affirmed.