61 So.2d 78

**EVERS et al. v. CITY OF DADEVILLE.**

**5 Div. 513.**

Supreme Court of Alabama.

Oct. 23, 1952.

Walker & Walker, Opelika, and Tom F. Young, Alexander City, for appellant.

Lawrence K. Andrews, Union Springs, and Sam W. Oliver, Dadeville, for appellee.

Hill & Robison, Montgomery, and Leader, Tenebaum, Perrine & Swedlaw, Birmingham, amici curiae.

BROWN, Justice.

This appeal is by the complainants, nineteen in number, from a final decree of the Circuit Court of Tallapoosa Circuit Court, in equity sitting, sustaining the defendant's demurrer to the complainants' bill and dismissing the same.

The complainants other than Robert Lester and Clyde Jackson are resident citizens and taxpayers residing within the corporate limits of the City of Dadeville. Lester and Jackson reside within the police jurisdiction of the City of Dadeville and beyond the corporate limits thereof.

The bill seeks to have declared void and enjoin enforcement of Ordinance No. 192, adopted and promulgated by the City of Dadeville on the 15th of December, 1949. Section two of said ordinance provides:

"Section 2: There is hereby levied, in addition to all other taxes of each kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the persons on account of the business activities and in the amounts to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:

"a. Upon every, person, firm or corporation engaged, or continuing within the City of Dadeville, in the business of selling at retail any tangible personal property, whatsoever, including merchandise and commodities of every kind and character, (not including, however, bonds or other evidences of debt or stocks), an amount equal to one half of one per cent of the gross proceeds of sales of the business except where a different amount is expressly provided herein. Any person engaged in business as retailer and wholesaler or jobber shall pay the tax required on the gross proceeds of retail sales of such business at the rates specified, when his books are kept so as to show separately the gross proceeds of sales of each business, and when his books are not so kept he shall pay the tax as a retailer on the gross sales of the business. * * *."

The ordinance does not require, as does the State sales tax, that the amount of the tax must be added to the sales price and collected from the purchaser. In this respect the ordinance provides:

"Section 11. All persons subject to the provisions of this ordinance may add the tax herein levied to the sales price of the goods sold and collect the same from the purchasers, but this section is not mandatory."

As stated, Section 2 of the ordinance provides: "There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, * * *."

The bill further alleges in short that the ordinance sets out innumerable articles which are exempted from the tax. Section 4 provides: "The tax levied under the provisions of this ordinance * *. * shall be due and payable in monthly installments on or before the twentieth day of the month next succeeding the month in which the tax accrues." This section also provides that "every person on whom the taxes levied by this ordinance are imposed, shall render to the City of Dadeville on a form prescribed by the City, a true and correct statement," etc. It is provided that the taxpayer may use the forms prescribed and used by the State of Alabama under the State Sales Tax Law of Alabama, Code 1940, Tit. 37, § 670 et seq. Section 5 of the ordinances provides, "any person taxable under this ordinance" may report cash sales only and may thereafter include collections when made on credit sales.

Section 6 provides, "It shall be the duty of every person engaging, or continuing, in this City in any business for which a privilege tax is imposed by this ordinance, to keep and preserve suitable records," etc. Section 7 provides that any person who fails to keep such records or refuses to permit their examination or who violates any other provisions of the ordinance shall be fined not less than $25 nor more than $100 for each offense and that each month of failure shall constitute a separate offense. Any person failing to render any report as required shall be subject to like fine. Any person violating any other provisions of the ordinance is to be punished "within the limits of and as provided by § 586, Title 37, Code of 1940."

The ordinance does not require the payment of the tax imposed as a condition precedent to the doing of business, it does not require the issuance of a license, does not make unlawful the doing of business without the payment of the prescribed tax or the procuring of a license. The ordinance does not purport to license the doing of business for any stated period or at a particular place or places.

The bill alleges that complainants have under protest been making the required reports and making the payments to the city. The bill also alleges that the complainants have as consumers, since the effective date of the ordinance, made purchases of tangible personal property of other merchants within the City of Dadeville and expect to continue to do so and are subject to having said tax charged against them on purchases under Section 11 of the ordinance. The bill continues:

"3. It is the claim and contention of the complainants that said ordinance is null and void, invalid and of no effect, and on the other hand the respondent claims and asserts that the same is valid and effective and that the complainants are legally bound to comply with the terms thereof both as the sellers and as the purchasers of tangible personal property. * * *

"4. Complainants aver that the taxes levied under said ordinance are grossly excessive and confiscatory in amount, that the effect of the same is to drive the mercantile trade of the merchants of Dadeville and particularly of these complainants to places out of the City of Dadeville and beyond its police jurisdiction, and the complainants are not protected against such discrimination and cannot legally be protected against such discrimination by a municipal use tax on merchandise thus bought elsewhere and brought within the city limits and police jurisdiction of the City; that the same is in conflict with and materially interferes with, impedes and defeats the collection of the state sales tax and that the City Council of the City of Dadeville was not at the time of the adoption of said ordinance or since authorized by the constitution or the legislature of this state to adopt said ordinance or the respective provisions thereof.

"An inherent and integral part of said ordinance is its provision in Section 11 that the persons subject to the provisions of the ordinance may add the tax to the sales price of the goods sold and collect the same from the purchasers, but said section is not made mandatory and complainants are thereby discriminated against in that the one merchant attempting to exercise said alleged option is at a disadvantage with his competitors who do not exercise said option and further that it is impracticable for merchants selling goods in small amounts to avail themselves of such purported option. Also an inherent and integral part of said ordinance is the provision of Section 10 that such persons may retain as compensation and to cover expense five per cent of all taxes collected under the ordinance. Said provisions of Sections 10 and 11 attempt to impose a consumers' tax upon purchasers, which tax the municipality is not authorized by law to collect in any amount. Also said tax is in excess of one-half of one per cent of the value of said property in violation of the express terms of the Constitution of Alabama, 1901, Section 219. Said ordinance seeks by indefinite.

reference to adopt forms prescribed from time to time with reference to the State Sales Tax Law. Also said ordinance is grossly discriminatory against these complainants engaged within the city limits of Dadeville in businesses coming within the terms of said ordinance in that the provisions thereof as to like businesses within police jurisdiction of the City of Dadeville and beyond the corporate limits thereof are null and void because as to such latter businesses the ordinance is a revenue measure levying a tax considerably greater in amount than the cost of police protection there provided, and further because the City has no authority to levy such taxes on consumers within such police jurisdiction. * * *

"The complainants are required to make monthly reports and continuously to keep and preserve records of sales without limitation as to time. Unless the respondent City is restrained from enforcing said illegal ordinance the complainants will be subjected to innumerable suits and prosecutions, the complainants as retail merchants will be required to file innumerable petitions for refunds and upon their denial to file innumerable suits against the City of Dadeville, thereby creating congestion, confusion, a multiplicity of suits and great expense to complainants and to the taxpayers of the City. * *."

The bill prays (1) for a decree of the court declaring the said ordinance null and void; (2) that its enforcement be enjoined; (3) that complainants recover the respective amounts paid by them under the ordinance, and (4) for general relief.

The demurrer is to the bill as a whole.

The case was submitted on regular call on briefs without request or motion for severance in the assignments of error. All appellants join in the assignments of error, which are as follows:

"1. The trial court erred in sustaining the demurrer of the appellee to the bill of complaint.

"2. The trial court erred in dismissing the bill of complaint."

The appellants, however, only argue and insist upon the second assignment of error.

As pointed out by the appellee in brief, the demurrer contains grounds other than the general demurrer for want of equity in the bill, among which are the following: Misjoinder of parties complainant; misjoinder of causes of action; no showing of irreparable damages; a plain and adequate remedy at law; not entitled to injunctive relief; no averment of facts calculated to show that the license is grossly excessive and confiscatory in amount; averments of conclusion and not of facts; that the averments of the bill and the exhibit thereto affirmatively show that the City was at the time of the adoption of the ordinance, authorized by the statute to adopt said ordinance; that said ordinance does not impose a tax on property but is a license tax which the city was legally authorized to adopt; that the averments of the bill show that the ordinance imposes a license tax on occupations; that the complainants have not complied with Title 37, § 476, Code of 1940; that suit is prematurely brought in that it is not shown that complainants complied with the provisions of Title 51, § 332 et seq. of the Code; that the complainants have not complied with Title 51, § 890 of the Code; that complainants had a plain and adequate remedy at law under §§ 890 and 891, Title 51, Code of 1940; that the averments of the respective paragraphs of the bill are conclusions of the pleader and are immaterial; that it affirmatively appears from the averments of paragraph 9 of the bill that the ordinance legally imposes a license tax on the complainants.

The major contention made in brief filed by the appellants and supporting briefs *amicus curiae,* is that the ordinance undertakes to levy a consumer's sale tax, which, at the option of the taxpayer, may be passed to the consumer of goods purchased from the taxpayer and that the statute conferring on municipal corporations the power of taxation grants no such authority. In support of this contention it is urged that the ordinance makes no specific provision for the issuance of a license authorizing a taxpayer to engage in business and provides no fee or charge for the issuance of such license.

It is further insisted that the fact that the ordinance confers on the taxpayer the option to use forms issued by the State Tax Commission, applicable to the State Sale Tax, and adopts the terminology of the statute levying the sale tax, is determinative of the character of the tax and stamps it as the levy of a sale's or consumer's tax.

The applicable statute, § 735, Title 37, Code of 1940, provides: •

"All municipalities shall have the power to license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the constitution or laws of the state, which may be engaged in or carried on in the city or town; to fix the amount of licenses, the time for which they are to run not exceeding one year, and provide a penalty for doing business without a license, and to charge a fee of not exceeding fifty cents for issuing each license; to require sworn statements as to the amount of capital invested, or value of goods or stocks, or amounts of sales or receipts where the amount of the license is made to depend upon the amount of capital invested, or value of goods or stocks or amount of sales or receipts, and to punish any person or corporation for failure or refusal to furnish sworn statements or for giving of false statements in relation thereto. The license herein authorized as to persons, firms or corporations engaged in business in connection with interstate commerce, shall be confined to that portion within the limits of the state, and where such person, firm or corporation has an office or transacts business in the city or town imposing the license. The power to license conferred by this article may be used in the exercise of the police power as well as for the purpose of raising revenue, one or both."

The levy here authorized is against persons engaged and continuing in the business of selling merchandise, goods and chattels and the basis for computing the tax is "one-half of one percent of the gross receipts of the business conducted within the corporate limits of the city, and one-fourth of one

percent, against persons so engaged or continuing in business within the police jurisdiction of said city." Said last mentioned levy is authorized by § 733, Title 37, Code of 1940, as rewritten in Act No. 502, approved July 9, 1943. General Acts of Alabama Regular Session 1943, Special Session 1942, p. 477; Code of 1940, Tit. 37, Pocket Part, p. 278.

The force of the suggestion that the ordinance under attack adopts the terminology of the statute levying the sale tax is dispelled when it is observed that the sale tax levied by the legislature and passed on to the consumer by operation of law and the basis for computing the tax under the Sale Tax Act is 2 % of the gross receipts of each individual retail sale, which must be collected from the purchaser, consumer, and accounted for by the taxpayer. While the basis for computing the tax here is the gross receipts of the taxpayer for a prescribed time, which he may, at his option, figure into his overhead expense and add to the sale price without liability to account therefor.

■ The sale tax is *"a privilege or license tax against the person"*. The statute so declares. Code of 1940, Tit. 51, § 753; Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479; Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399; Alabama Gas Co. v. City of Montgomery, 249 Ala. 257, 30 So.2d 651; State v. Commercial Loan Co., 251 Ala. 672, 675–678, 38 So.2d. 571.

■ The character of the tax and whether or not the respondent municipality was authorized to levy it, is a question of law for the court, to be determined by the provisions of the statute and the contents of the ordinance, which is attached to and made a part of the complainants' bill. City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; Hawkins v. City of Prichard, 249 Ala. 234, 238 (7th headnote), 30 So.2d 659.

The insistence that the ordinance is lacking in validity because it makes no provision for the issuance of a license is fully met by the provisions of § 754, Title 37, Code of 1940, which makes it unlawful,

"for any person, firm, or corporation, or agent of a firm or corporation, to engage in any of the businesses or vocations in a city for which a license may be required without first having procured a license therefor * * *."

■ The privilege tax levied by the ordinance on its face not being in excess of the amount authorized by the statute, is presumptively valid, in the absence of allegations of fact, showing that the tax is excessive, arbitrary or otherwise wanting in validity. Van Hook v. City of Selma, 70 Ala. 361; Benson v. City of Andalusia, 240 Ala. 99, 195 So. 443. No such facts are alleged in the bill. The facts alleged in the bill are admitted by the demurrer, but the city controverts the legal conclusions drawn therefrom by the complainants who assert that the ordinance which is attached to and made a part of the bill, is a sale's tax or "consumer's tax", which the statute does not authorize the City of Dadeville to levy. The defendant on the other hand contends that said ordinance is a privilege or license tax, which the defendant has authority to adopt and ordain, thus presenting purely questions of law, within the province of the court to determine. Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479; City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659.

Moreover, the allegations of the bill show that each and all of the complainants have made reports to the city required by the ordinance for ascertainment of the amount of the tax and have paid the same under protest.

■ Ordinarily where the bill for a declaratory judgment shows a bona fide factual, justiciable controversy, the demurrer thereto should be overruled, and declarations of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658. However, where, as here, there is no factual, justiciable controversy that can be brought forward and made available by answer and evidence and where the facts alleged are admitted and

only a question of law is presented to the court for decision, the court may declare the rights and status of the parties as a matter of law. City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659. The effect of the decree on demurrer rendered by the trial court was to declare as a matter of law that the governing board of the City of Dadeville had the authority to levy the license tax, that the ordinance which it passed and adopted levied such tax, that the ordinance is valid and that the complainants are not entitled to a decree recovering the tax which they have paid under said ordinance. Therefore, the decree of the circuit court is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.